# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

RODNEY C. LINEBERRY, )
    Plaintiff, )
VS. ) No. 19-1135-JDT-cgc
JOHNNY ALEXANDER, ET AL., )
    Defendants. )

## ORDER TO MODIFY THE DOCKET, PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON DEFENDANT WILKERSON

On July 3, 2019, Plaintiff Rodney C. Lineberry, who is incarcerated at the Hardin County Jail (Jail) in Savannah, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court subsequently issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as Hardin County Sheriff Johnny Alexander,[1] Chief Deputy Mike Fielder, and Sergeant Wesley Wilkerson.

Lineberry alleges that he was taken into custody at the Jail in July 2018 and "placed in to a cell block." (ECF No. 1 at PageID 2.) "[T]he officer" in his cell block (Lineberry does not name the officer) "was told befor[e]hand that [Lineberry] was going to be jumped if placed in this cell."

---

[1] Lineberry spells the Sheriff's last name as "Alexandira." (ECF No. 1 at PageID 2.) The Clerk is DIRECTED to modify the docket to reflect the correct spelling, which is "Alexander." *See* https://www. hardincosheriff.com/our-department/.

(*Id.*) Lineberry does not allege who told "the officer" that he was going to be jumped. Two other inmates were forced to move from the cell where Lineberry was to be housed. (*Id.*) Those inmates allegedly told Sergeant Wilkerson that Lineberry "was going to be jumped," but Lineberry still was placed in the cell. (*Id.*) Lineberry does not allege whether it was Wilkerson who made the decision to house him there.

After lockdown that day, Lineberry was "beaten by inmates" and suffered a broken nose and swelling of his eye. (*Id.*) Lineberry "was told if [he] went to the police [he] would be beaten again." (*Id.*) He alleges that the doors were not checked at lockdown, and he does not know how the inmates were able to enter his cell; Lineberry suggests, however, that the guard had to open the cell. (*Id.*) He seeks compensatory damages. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a

complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Lineberry filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Lineberry intends to assert claims against the Defendants in their official capacities, his claims are against Hardin County. The complaint, however, does not state a valid § 1983 claim against Hardin County. A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be

held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Lineberry, however, does not allege that he suffered an injury because of an unconstitutional policy or custom of Hardin County.

Lineberry alleges that Sergeant Wilkerson failed to protect him from an assault in his cell. That allegation amounts to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments.[2] *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quotations omitted) (noting that prison officials "must take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners").

"[N]ot all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To state a claim under the Eighth Amendment, a plaintiff must

---

[2] Lineberry does not state whether he is a convicted inmate whose protection against cruel and unusual punishment stems from the Eighth Amendment or a pretrial detainee protected by the Fourteenth Amendment. However, with the exception of excessive force claims, *see Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), the scope of the protections afforded to detainees and convicted inmates is the same. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Lineberry's claims will therefore be analyzed under Eighth Amendment principles.

satisfy an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). That is, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent; that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837-38. In the context of a failure-to-protect claim, a prison officer will not be held liable without a showing that he or she "should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003).

Lineberry's allegations are not entirely clear. However, he does allege that Sergeant Wilkerson was aware that if Lineberry was placed in a specific cell, he would be jumped. Wilkerson did not act on that information, Lineberry was placed in the cell, and he was attacked by other inmates and suffered significant injuries. These allegations satisfy both the objective and subjective components of an Eighth Amendment claim. The Court will permit Lineberry to proceed on this claim against Wilkerson.

Lineberry does not allege any misconduct by Sheriff Alexander or Chief Fielder. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Moreover, to the extent Lineberry seeks to hold Defendants Alexander and Fielder responsible based merely on their respective roles as

5

Sheriff and Chief Deputy, he fails to sufficiently allege such a claim. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisory official who is aware of the unconstitutional conduct of his subordinates but fails to act generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). As noted, Lineberry does not allege any action by Alexander or Fielder. Nor does he allege any basis for holding either Defendant responsible as a supervisor of Sergeant Wilkerson.

In conclusion, the Court DISMISSES any official-capacity claims and all of Lineberry's claims against Defendants Alexander and Fields for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court will permit Lineberry to proceed on his Eighth Amendment claim against Sergeant Wilkerson for failing to protect him from a substantial risk of harm.

The Clerk is ORDERED to issue process for Defendant Wilkerson and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Wilkerson pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Lineberry shall serve a copy of every subsequent document he files in this case on the attorneys for Defendant Wilkerson or on Defendant Wilkerson personally if he is unrepresented. Lineberry shall make a certificate of service on every document he files. Lineberry shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[3]

Lineberry is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                                     s/ **James D. Todd**
                                                    JAMES D. TODD
                                                    UNITED STATES DISTRICT JUDGE

---

[3] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.